IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS, INDIANA

| | |
|---|---|
| DARLA SEARCY | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CAUSE NO 1:19-cv-2413 |
| | ) |
| GEORGETOWN LIQUOR, INC. | ) |
| PARAMJIT SINGH | ) |
| **Defendant,** | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, name-above, complains of act and omissions by the Defendants. In support of her Complaint and as cause of action against the Defendants, Plaintiff respectfully submits the following:

**JURISDICTION**

1. This suit is authorized and instituted pursuant to Title VII 42 U.S.C. § 2000e and 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991; 28 U.S.C. §§ 1331 and 1343 and 1343 and Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 207.

2. Plaintiff fled a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice of right to sue on March 15, 2019.

**PARTIES**

3. Plaintiff is an African-American female and at all relevant times she resided in the Southern District of Indiana.

4. Defendant is a corporation doing business in the State of Indiana in the Southern District of Indiana.

5. Defendant is an individual residing in the Southern District of Indiana.

## FACTS

6. Plaintiff adopts and realleges all allegations contained in ¶¶ 1-5.

7. Plaintiff began working for the Defendants in 2013.

8. Plaintiff performed her job well.

9. In 2017, the store ownership changed and Plaintiff began to be harassed due to her sex and race by the Defendant's owner.

10. The Defendant's owner took a picture of Plaintiff's chest.

11. The Defendant's owner asked Plaintiff to have sex with him for five hundred dollars.

12. The Defendant's owner gave Plaintiff sex pills.

13. The Defendant's owner told Plaintiff that when he had sex with his wife he thought about her.

14. The Defendant's owner told Plaintiff that she was the closest thing to a White person that he has ever met.

15. The Defendant's owner told Plaintiff that the smartest races were Indians, Whites and Black people are last.

16. The Defendant's owner told Plaintiff that Black people were trash.

17. Defendant's owner told Plaintiff that he put the store in a Black neighborhood because wherever there is trash there is money.

18. Defendant's owner told Plaintiff he is not sure why God made Black people.

19. Defendant's owner made these comments on a consistent basis.

20. Plaintiff complained to Defendant's owner on several occasions regarding the disparaging comments, however, Defendant's owner continued to make the comments.

21. On or about June 14, 2018, Plaintiff and Defendant's Owner got into an argument about Plaintiff's son, the argument escalated and Defendant's owner made more disparaging comments regarding Plaintiff's race.

22. Plaintiff's working conditions became so unbearable that she was forced to resign.

23. Plaintiff was paid an hourly salary for working a regular 24/7 schedule.

24. In January 1, 2018 to June 14, 2018, Plaintiff worked approximately 90 hours each pay period, However, Defendant only compensated Plaintiff for 80 hours each pay period.

25. Plaintiff was not paid time and a half her regular pay rate for all hours she worked over 40 hours per week.

26. Defendants' intentionally, knowingly and willfully violated Federal law causing Plaintiff to suffer economic harm.

27. Plaintiff was harassed due to her sex.

28. Plaintiff was harassed due to her race.

29. Plaintiff was constructively discharged due to her race.

30. Plaintiff was constructively discharged due to her gender.

31. Plaintiff was constructively discharged for engaging in protected activity.

## COUNT I

32. Defendants, as a result of constructively discharging Plaintiff due to her race, violated 42 U.S.C. § 1981.

## COUNT II

33. Defendants, as a result of harassing Plaintiff due to her race, violated 42 U.S.C. § 1981.

## COUNT III

34. Defendants, as a result constructively discharging Plaintiff for engaging in protected activity, violated 42 U.S.C. § 1981.

## COUNT IV

35. Defendant, Georgetown Liquors, Inc., as a result of constructively discharging Plaintiff due to her race, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT V

36. Defendant, Georgetown Liquors, Inc., as a result of harassing Plaintiff due to her sex, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT VI

37. Defendants, Georgetown Liquors, Inc., as a result of constructively discharging Plaintiff due to her sex, Title VII 42 U.S.C. § 2000 et al.

## COUNT VII

38. Defendants, Georgetown Liquors, Inc., as a result of constructively discharging Plaintiff for engaging in protected activity, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT VIII

39. Defendants, as a result of not paying Plaintiff overtime, violated Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 207.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

    A. Award Plaintiff back pay and benefits lost;

B.  Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

C.  Award Plaintiff punitive damages;

D.  Award Plaintiff liquidated damages;

E.  Award Plaintiff her cost in this action and reasonable attorney fees;

F.  Grant Plaintiff any other relief which is allowable under the circumstances of this case.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd #31235-49
Attorney for Plaintiff

### REQUEST FOR JURY TRIAL

Comes now the Plaintiff and requests that this cause be tried by a jury.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd #31235-49
Attorney for Plaintiff

Amber K. Boyd #31235-49
Amber Boyd Attorney at Law
8510 Evergreen Avenue
Indianapolis, in 46240
(317) 210-3416